CHASEZ, Judge.
Plaintiff, Larry H. Cimo, a minority stockholder, filed this shareholder’s derivative suit against the officers of the National Motor Club of Louisiana, Inc. (also known as Universal Automobile Club, Inc.) and its liquidator A. J. Graffagnino, who was made an additional party defendant by supplemental and amending petition. Plaintiff’s original petition alleging maladministration and mismanagement of the corporation prayed for damages, a complete accounting of the officers in question relative to their business transactions involving the said company, and requested an injunction restraining the named defendants from engaging in any further acts of management or omissions detrimental to the best interest of the corporation.
A preliminary injunction was granted but after a trial of the case on its merits the injunction was dissolved and plaintiff’s suit dismissed.
Plaintiff is the holder of 25 shares of Class B. common, non-voting stock comprising approximately 2% of the outstanding stock of the National Motor Club of Louisiana, Inc. (hereinafter referred to as National.) The stock was purchased from a friend of the plaintiff, on June 27, 1968. On September 8, 1969 the corporation, through a majority of the voting shareholders, elected to terminate all business and enter voluntary liquidation. Subsequently, the plaintiff allegedly was informed by “rumor” that irregularities were transpiring within the corporation. Accordingly, on August 10, 1970, with advice of counsel, plaintiff instituted this action and obtained a preliminary injunction, enjoining defendant officers from any further acts of management regarding National.
On November 6, 1970 a hearing was held for determination of several exceptions filed by the defendants. The court apparently took the exceptions under advisement.
Trial on the merits was set for November 24, 1970 at which time the case was held open and continued until December 1, 1970 for the taking of additional testimony.
Plaintiff filed two motions for continuance on December 1, 1970 which form the elements of the issues presented by appeal. The first motion is based on the failure of a subpoena, issued against American Benefit Life Insurance Company in Baton Rouge, to leave the clerk’s office in Jefferson Parish. Plaintiff had previously issued a subpoena under the New Orleans office of American Benefit Life Insurance Company for an officer to appear with certain records asserted to be vital to plaintiff’s case. Although initially there was difficulty in producing an officer from that company the Secretary of the company did appear at the trial on November 24, 1970 and testified that he did not have any records which plaintiff needed. Subsequently, *888 however, plaintiff learned that the Baton Rouge office of this company was in possession of a contract with the Continental Automobile Association “in which Mr. E. E. Crumpler has an interest as agent.” Accordingly, on November 25, 1970 plaintiff filed with the office of the Clerk of Court of Jefferson Parish a request for a subpoena duces tecum upon American Benefit Life Insurance Company in Baton Rouge. On November 30, 1970 at 9:20 A. M. mover’s counsel was informed that the clerk’s office had been unable to process the subpoena request because of the interference of the Thanksgiving Day Holidays. The record does not reflect any further events transpiring as to whether or not the subpoena was issued at all or whether plaintiff took any action to produce the necessary records on his own.
Plaintiff’s reason for requesting the continuance is based upon the assertion that there was a connection between E. E. Crumpler, the dissolving officer of the defendant corporation and an assignee corporation whose name is the Continental Automobile Association, which connection would show fraudulent practices being committed.
The trial judge denied the continuance based on the conclusion of irrelevancy. We agree. We note from the record that E. E. Crumpler as president of defendant corporation in liquidation sold several assets of the corporation to Continental Automobile Association whose president was a former stockholder of the defendant corporation. Crumpler has subsequently become an agent of the American Benefit Life Insurance Company and was instrumental in procuring liability insurance for Continental. Plaintiff’s contention of fraud and maladministration is not fruitful in light of the clearly established facts denoted above. An independent auditor’s report indicated that in selling the assets of National to Continental defendant corporation realized an acceptable book value gain beneficial to the stockholders of National. The defendant’s subsequent activities and mode of employment are not at issue. We therefore find, as did the trial judge, that the document requested by the plaintiff is irrelevant to the issues presented by the stockholder’s derivative suit.
Plaintiff contends that the peremptory grounds for the granting of a continuance were established and the denial of same is error. However, LSA-C.C.P. Article 1602 indicates that a continuance shall be granted when the mover is unable, after due diligence, “to obtain evidence material to his case.” As noted above, the evidence plaintiff sought was not material to the issue of maladministration and fraud. We therefore perceive no viable reason to remand for the introduction of this evidence in that plaintiff has no authority or right of action to contest Crumpler’s dealings with a third person while acting as an agent for a corporation disassociated from the defendant company.
The second motion for continuance was filed to enable mover to examine the auditor’s report of the defendant company and to allow a further audit of defendant company. The trial judge disallowed this motion because plaintiff had previously had ample opportunity to obtain the information being sought.
Plaintiff originally had court authorization to examine the books of defendant company but chose insteád to rely on an audit then being conducted by an independent concern. The audit covered the period from May 31, 1969 to September 30, 1970. Plaintiff now contends that an earlier audit is necessary for the periods before May 31, 1969.
Continuance in this instance is based on the discretion of the judge. We are convinced that there has been no abuse of this discretion relative to this issue. Plaintiff had ample time to conduct his own preparation for this case. The fact of reliance on a report instigated by the defendant company does not avail plaintiff of the *889 right to seek further evidence when the report relied on, which forms part of the record, furnishes no corroboration. A plaintiff cannot rely on a defendant to prove his case for him, but must enter court prepared with his own evidence. In our opinion the trial judge’s dismissal of this motion is well founded. The auditor’s report did not disclose that defendants were guilty of' fraud or wrong doing. Moreover, the record clearly discloses that plaintiff had abundant opportunity to conduct his own audit. Additionally, the auditor’s report submitted into evidence was fully disclosed on November 24, 1970, yet nothing was done to "examine and scrutinize” this report before the second hearing of this case on December 1, 1970. In his argument before the lower court plaintiff contended that only four to six days were necessary to examine the auditor’s report and records, yet we note that there was a six day interval between the two hearings of this case and plaintiff had initiated nothing nor even attempted an examination. We therefore find plaintiff’s delaying tactics reprehensible in light of the courts’ already overcrowded dockets and his lack of preparation for this lawsuit.
Plaintiff’s final contention relates to the merits of the case. It is abundantly clear from the record, however, that nothing pertaining to fraud or malfeasance of office was ever produced or proved against the officers of the defendant corporation. Plaintiff contends that we should adopt the allegations (based on rumor) contained in his petition as factually true and place the burden of disproving same on the defendant. It is the duty of a plaintiff, however, to allege facts supported by evidence which warrant a cause of action and to carry the burden of proof. To do what plaintiff requests would cause a landslide of cases involving disgruntled stockholders, placing corporations in untenable positions. It is explicitly clear in the record that plaintiff’s sole reason for institution of this suit was to coerce National into paying a higher sum for his stock than its liquidation value.
The auditor’s report and the testimony elicited disclosed no fraudulent practices by the defendants. Errors of judgment[1] in the business world do not necessarily indicate gross misconduct by management compensable in damages. None of the allegations contained in plaintiff’s petition were ever proved and when a plaintiff fails to carry the burden of proof his suit must accordingly be dismissed.
For the above and foregoing reasons the judgment of the lower court is affirmed with costs to be paid by the plaintiff.
Affirmed.

. Crumpler, as President, purchased a boat for the corporation to institute a rescue service which never materialized but was used nevertheless for corporate advertising.